1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   CORRY WHITEMAN,                              No.  2:24-cv-0342 SCR P

12              Plaintiff,

13        v.                                      ORDER

14   SHASTA COUNTY PUBLIC
     DEFENDERS OFFICE,
15
                Defendant.
16

17        Plaintiff Corry Whiteman, a county jail inmate, proceeds without counsel and seeks relief

18   under 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to Local Rule 302.

19   See 28 U.S.C. § 636(b)(1). Plaintiff's complaint and motion to proceed in forma pauperis are

20   before the court. The complaint fails to state a claim, but plaintiff is granted leave to file an

21   amended complaint within 30 days of the date of this order.

22   **I.      In Forma Pauperis**

23        On April 16, 2024, the court ordered plaintiff to submit another application to proceed in

24   forma pauperis because the certificate portion of the application to be completed by a jail official

25   was not filled out. (ECF No. 9.) Plaintiff has not submitted another application to proceed in

26   forma pauperis. Nevertheless, in revieing plaintiff's prior application to proceed in forma

27   pauperis, the undersigned finds plaintiff's declaration in support of the motion to proceed in

28   forma pauperis (ECF No. 8) makes the showing required by 28 U.S.C. § 1915(a). Although the

1

1   certificate portion of the application is not filled out, plaintiff attached a Shasta County Jail

2   "Resident Account Summary" reflecting a time period greater than six months preceding the

3   filing of the complaint. Accordingly, the motion to proceed in forma pauperis is granted. By

4   separate order, plaintiff will be assessed an initial partial filing fee in accordance with the

5   provisions of 28 U.S.C. § 1915(b)(1). The order will direct the appropriate agency to collect the

6   initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.

7   Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding

8   month's income credited to plaintiff's prison trust account. These payments will be forwarded by

9   the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

10   exceeds $10.00 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

11   **II.      Screening Requirement**

12        Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis

13   proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a

14   claim on which relief may be granted," or "seeks monetary relief against a defendant who is

15   immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27

16   (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

17   Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

18   Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless

19   legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

20        Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement

21   of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.

22   544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a

23   formulaic recitation of the elements of a cause of action;" it must contain factual allegations

24   sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give

25   the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v.

26   Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint

27   under this standard, the court accepts as true the factual allegations and construes the pleading in

28   the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**III.     Allegations in the Complaint**

Plaintiff's supporting facts for the present complaint state the following: "Shasta Co. public defenders force us to take deals" by scaring us into thinking "it's the only way[.]" (ECF No. 1 at 3.) "They boast charges and make us feel like there is no hope except their way out." (Id.) Plaintiff alleges he received "no effective assist[ance] of counsel" and seeks monetary damages. (Id. at 3-4.)

**IV.     The Complaint Fails to State a Claim**

A plaintiff may bring an action under 42 U.S.C. § 1983 to redress violations of "rights, privileges, or immunities secured by the Constitution and [federal] laws" by a person or entity, including a municipality, acting under the color of state law. 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must show (1) the defendant committed the alleged conduct while acting under color of state law; and (2) the plaintiff was deprived of a constitutional right as a result of the defendant's conduct. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

Plaintiff does not adequately allege a violation of a constitutional right. Using labels and conclusions such as "no effective assistance of counsel" does not state a claim. See Twombly, 550 U.S. at 555-557 (naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to state a claim).

In addition, the sole named defendant is "Shasta County Public Defenders Office." "To impose liability on a local governmental entity for failing to act to preserve constitutional rights, a section 1983 plaintiff must establish: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" Oviatt By & Through Waugh v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992) (quoting City of Canton, Ohio v. Harris, 489 U.S. 378, 389-91 (1989)). Plaintiff does not allege adequate facts to show the existence of a policy, or the lack of a formal policy, that was the moving force behind a constitutional violation. To the extent plaintiff's claim for damages is asserted against the County of Shasta or the entire "Public Defenders Office" for

1   the County of Shasta, the complaint fails to state a claim for relief.

2        Plaintiff also does not state a claim for damages under 42 U.S.C. § 1983 against any

3   individual appointed attorney who represented him in his criminal case. A public defender

4   representing a client in the lawyer's traditional adversarial role is not a state actor for purposes of

5   § 1983. See Vermont v. Brillon, 556 U.S. 81, 91 (2009) ("assigned counsel ordinarily is not

6   considered a state actor") (citing Polk County v. Dodson, 454 U.S. 312 (1981)). A public

7   defender may act for the State "when making hiring and firing decisions on behalf of the State,"

8   and "while performing certain administrative and possibly investigative functions." Polk County,

9   454 U.S. at 325. Plaintiff does not allege any conduct by an individual attorney from the public

10  defender's office that would qualify as action taken under color of state law for purposes of this

11  civil rights suit. To the extent plaintiff seeks damages from his individual appointed attorneys, the

12  complaint fails to state a claim for relief.

13       Finally, the court notes that "in order to recover damages for allegedly unconstitutional

14  conviction or imprisonment or other harm by actions who unlawfulness would render a

15  conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

16  been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal

17  authorized to make such determination, or called into question by a federal court's issuance of a

18  writ of habeas corpus, 28 U.S.C. § 2254." Heck v. Humphrey, 512 U.S. 477, 487-88 (1994). "A

19  claim ... bearing that relationship to a conviction or sentence that has not been so invalidated is

20  not cognizable under § 1983." Id. at 488. Plaintiff's address of record is the Shasta County Jail.

21  Plaintiff does not allege whether his conviction or sentence at issue has been reversed or

22  otherwise invalidated. Plaintiff is cautioned that he cannot recover damages for an alleged

23  unconstitutional conviction or sentence unless his conviction or sentence has been reversed,

24  expunged, or declared in valid.

25  **V.      Conclusion**

26       For the reasons set forth above, plaintiff has not stated a cognizable claim for damages

27  under § 1983. It further appears plaintiff will be unable to state a cognizable claim to the extent he

28

4

1  is alleging he received ineffective assistance of counsel in connection with his criminal case.[1]

2  However, because it is not absolutely clear the defects in the complaint could not be cured by

3  amendment, plaintiff is granted leave to file an amended complaint. See Noll v. Carlson, 809 F.2d

4  1446, 1448-49 (9th Cir. 1987). If plaintiff chooses to file an amended complaint, it should be

5  titled "First Amended Complaint." An amended complaint supersedes the prior complaint, see

6  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself without reference

7  to the prior or superseded pleading," E.D. Cal. Local Rule 220. This opportunity to amend is not

8  for the purpose of adding new and unrelated claims. Plaintiff should focus on curing the

9  deficiencies in the claim plaintiff already attempted to present.

10  In the alternative, plaintiff may choose to stand on the complaint as filed. See Edwards v.

11  Marin Park, Inc., 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the

12  undersigned will issue findings and recommendations to dismiss the complaint without further

13  leave to amend, after which plaintiff will have an opportunity to file objections, and a district

14  judge will determine whether the complaint states a cognizable claim. In the further alternative, if

15  plaintiff does not wish to pursue this case further, plaintiff may file a notice of voluntary

16  dismissal, which will terminate this action by operation of law.

17  In accordance with the above, IT IS HEREBY ORDERED as follows:

18  1. Plaintiff's request to proceed in forma pauperis (ECF No. 8) is GRANTED.

19  2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth

20  by separate order.

21  3. The Clerk's Office shall send plaintiff a blank civil rights complaint form.

22  4. Within thirty days from the date of service of this order, plaintiff must file one of the

23  following:

24       a.  A first amended complaint curing the deficiencies identified in this order;

25       b.  A notice of election to stand on the complaint as filed; or

26

27  [1] When a prisoner challenges the legality or duration of his custody or raises a constitutional challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus. Preiser v. Rodriguez, 411 U.S. 475, 93 (1973). As set forth, plaintiff's complaint indicates

28  he seeks only damages through this action.

1        c.   A notice of voluntary dismissal.

2        5.   Failure to respond to this order will result in a recommendation that this action be

3   dismissed for failure to obey a court order and failure to prosecute.

4   DATED: November 1, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

6